# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1533V
UNPUBLISHED

| | |
|---|---|
| CONNIE RAINBOLT,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: August 31, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Richard Gage, Richard Gage, P.C., Cheyenne, WY,* for petitioner.

*Linda Sara Renzi, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

On October 16, 2017, Connie Rainbolt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccination administered on November 26, 2014. Petition at 1. Petitioner further alleges that she suffered the residual effects of her injury for more than six months, that the vaccine was administered within the United States, and that she has not collected an award or settlement from a civil action related to her injury. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 27, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On August 28, 2020, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded $194,248.82 (comprised of $72,900.66 for expected expenses incurred during the first year after judgment, $120,000 for pain and suffering; and $1,348.16 for past unrimebursable expenses). Proffer at 2-3. The Proffer also indicates that Petitioner should be awarded an amount sufficient to purchase an annuity contract as set forth in Section II.B. Proffer at 3-4. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 4. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

- **A lump sum of $194,248.82 (comprised of $72,900.66 for expected expenses incurred during the first year after judgment, $120,000 for pain and suffering; and $1,348.16 for past unreimbursable expenses) in the form of a check payable to petitioner, Connie Rainbolt;** and

- **An amount sufficient to purchase the annuity contract described in the Proffer at Section II.B.**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CONNIE RAINBOLT,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 17-1533V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 16, 2017, Connie Rainbolt ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on November 26, 2014. Petition at 1. On July 23, 2020, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner suffered the Table injury of GBS following a flu vaccine within the Table time period, and is entitled to compensation. On July 27, 2020, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF 65; ECF 66.

**I.      Items of Compensation**

      A.      Life Care Items

Respondent engaged life care planner Linda Curtis, RN MS, CNLCP, CCM, and petitioner engaged Liz Kattman, M.S., to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan

are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Connie Rainbolt, attached hereto as Tab A.[1]  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

      B.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $120,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      C.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,348.16.  Petitioner agrees.

**II.**    <u>**Form of the Award**</u>

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

    A.  A lump sum payment of $194,248.82, representing compensation for life care expenses expected to be incurred during the first year after judgment ($72,900.66), pain and

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

suffering ($120,000.00), and past unreimbursable expenses ($1,348.16), in the form of a check payable to petitioner, Connie Rainbolt.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Connie Rainbolt, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Connie Rainbolt, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Connie Rainbolt's death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

III. **Summary of Recommended Payments Following Judgment**

    A. Lump Sum paid to petitioner, Connie Rainbolt: **$194,248.82**

    B. An amount sufficient to purchase the annuity contract described above in section II.B.

4

        Respectfully submitted,

        ETHAN P. DAVIS
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>s/Linda S. Renzi</u>
        LINDA S. RENZI
        Senior Trial Counsel
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Tel:  (202) 616-4133

Dated:  August 28, 2020

Appendix A: Items of Compensation for Connie Rainbolt            Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2020 | Compensation Year 2 2021 | Compensation Year 3 2022 | Compensation Years 4-Life 2023-Life |
|---|---|---|---|---|---|---|---|
| Medigap F | 5% |  | M | 2,471.52 | 2,471.52 | 2,471.52 | 2,471.52 |
| Medicare Part D | 5% |  | M | 838.68 | 838.68 | 838.68 | 838.68 |
| Neurologist | 5% | * |  |  |  |  |  |
| Gabapentin | 5% | * |  |  |  |  |  |
| Cymbalta | 5% | * |  |  |  |  |  |
| Ambien | 5% | * |  |  |  |  |  |
| Depends | 4% |  |  | 225.00 | 225.00 | 225.00 | 225.00 |
| Incontinence Pads | 4% |  |  | 196.00 | 196.00 | 196.00 | 196.00 |
| Daily Assistance | 4% |  | M | 64,240.00 | 64,240.00 | 64,240.00 | 64,240.00 |
| PT Eval | 4% | * |  |  |  |  |  |
| PT | 4% | * |  |  |  |  |  |
| Case Mngt | 4% |  | M | 2,880.00 | 2,880.00 | 2,880.00 | 2,880.00 |
| Medical Mileage | 4% |  |  | 57.46 | 57.46 | 57.46 | 57.46 |
| Walker | 4% |  |  | 208.00 | 41.60 | 41.60 | 41.60 |
| Folding WC | 4% | * |  |  |  |  |  |
| Cane | 4% |  |  | 26.00 | 5.20 | 5.20 | 5.20 |
| Cane Tips | 4% |  |  | 5.00 | 5.00 | 5.00 | 5.00 |
| Pill Box | 4% |  |  | 13.00 | 2.60 | 2.60 | 2.60 |
| Bath Bench | 4% |  |  | 65.00 | 13.00 | 13.00 | 13.00 |
| Raised Toilet Seat | 4% |  |  | 70.00 | 14.00 | 14.00 | 14.00 |
| Portable WC Ramp | 4% |  |  | 38.00 | 3.80 | 3.80 | 3.80 |
| Shower Sprayer | 4% |  |  | 36.00 | 3.60 | 3.60 | 3.60 |
| Grab Bars | 4% |  |  | 175.00 | 17.50 | 17.50 | 17.50 |
| Lifeline | 4% |  |  | 600.00 | 600.00 | 600.00 | 600.00 |
| Ancillary Services | 4% |  |  | 756.00 | 756.00 | 756.00 |  |
| Pain and Suffering |  |  |  | 120,000.00 |  |  |  |
| Past Unreimbursable Expenses |  |  |  | 1,348.16 |  |  |  |
| Annual Totals |  |  |  | 194,248.82 | 72,370.96 | 72,370.96 | 71,614.96 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($72,900.66), pain and suffering ($120,000.00), and past unreimbursable expenses ($1,348.16): $194,248.82.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.